UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20495

    Plaintiff,

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

WILNEITA SMITH,

    Defendant.
_____/

**ORDER**
**DENYING DEFENDANT'S FED. R. CRIM. P. 33 MOTION FOR NEW TRIAL AND/OR FED. R. CRIM. P. 29(c) MOTION FOR JUDGMENT OF ACQUITTAL[1]**

On May 22, 2014, Defendant was convicted after a jury trial of one count of conspiracy to commit interference with commerce by robbery, and four counts of possession with intent to distribute controlled substances.

Having presided over the trial and heard all of the relevant facts, and read the Defendant's Motion, the Government's Response and the applicable law, the Court denies Defendant's Motion for a New Trial, FED. R. CRIM. P. 33, and/or Motion for Judgment of Acquittal, FED. R. CRIM. P. 29(c). (Dkt. #136).

Defendant alleges that she has discovered new evidence regarding a single April 1, 2013 photograph on her cell phone of an IDM Pharmacy that she allegedly took, which was introduced at trial to support the Government's contention that she was engaged in pre-robbery

---

[1] Local Court Rule 7.1(d) states that a motion must be accompanied by a brief. This Motion did not contain a brief. Nevertheless, the Court will Rule on it.

surveillance of a pharmaceutical delivery van making stops at various drugstore locations to assist in planning and carrying out the delivery van robbery in the instant case.

In context, this picture was one of four different surveillance photos of drugstores found on Defendant's cell phone. The other three photos also introduced at trial, are not involved in this Motion.

Contrary to Defendant's assertion that "The only evidence presented at trial that Ms. Smith conspired are the 4 photos," Defendant's Motion Dkt. #136, p. 3, there was extensive evidence that Defendant Smith was a co-conspirator in the robbery, and in the subsequent possession of controlled substances with the intent to distribute them.

There was credible testimony from co-conspirators that less than 1 hour after the robbery, Defendant, with co-Defendant Hurston, arrived at the Log Cabin address, went inside where she picked through the drugs, and took some of them with her both by filling bags and her purse.

There was also credible trial testimony by a co-defendant that Defendant Smith made a call from the Log Cabin residence to ascertain the street value of certain controlled substances seized in the robbery.

Further, there was credible testimony by surveillance officers and arresting officers that Defendant Smith carried some of the robbery proceeds in plastic bags to an SUV with Mr. Hurston, and also that Defendant Smith had some of the proceeds in her purse.

Defendant's one-picture new evidence claim relating to the IDM Pharmacy, the location of which had apparently moved across the street, is not newly discovered, or even if newly discovered, is not significant evidence that makes a difference given the overwhelming proofs that establish Defendant Smith's guilt of the charges, as the jury so found.

Simply put, apart from the IDM Pharmacy photo issue relating to the pharmacy location and the fact that two of her co-conspirators might have had prescriptions filled at that pharmacy, Defendant presented no credible evidence that someone else actually possessed her phone when the pictures were taken.  Indeed, there was evidence on her phone evidencing continuous calls and messages to and from her daughter about very personal matters substantiating that she was in possession of the phone during the relevant time.

Clearly, in this case the interests of justice under FED. R. CRIM. P. 33, do not require granting a new trial based on, at most, the fact that <u>one</u> of four different pharmacy location surveillance photos was not correct.  Even discounting the April 1, 2013 photographs, the other three non-contested photos clearly show a surveillance pattern in preparing for the pharmaceutical delivery van robbery at a pharmacy that occurred in this case.  And whether or not two co-conspirators frequented the IDM Pharmacy is of no moment, in the face of the overwhelming proof of guilt in this trial.  Therefore, even if it is "newly discovered" evidence, it is not material and would not likely produce an acquittal.

Further, the evidence related to the IDM Pharmacy photo is not newly discovered – it was provided to Defendant both prior to trial and in the Government's exhibit book.  But again, even if newly discovered, it is of no moment given the overwhelming evidence of Defendant's guilt on all counts, and in particular, that three other similar types of surveillance photos were on her phone and admitted into evidence.  The alleged newly-discovered evidence, even at best, is still clearly not material.

Finally, as to Defendant's claim under FED. R. CRIM. P. 29 that there was not sufficient evidence to support the guilty verdicts on all five counts, the Court finds that there was

overwhelming credible evidence to support the convictions on all five counts.

Accordingly, the Court DENIES Defendant Smith's Motion under FED. R. CRIM. P. 33/ FED. R. CRIM. P. 29.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2014.

s/Deborah Tofil  
Case Manager

4