UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             CRIM. CASE NO. 13-20495

  Plaintiff,

v.              PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

WILNEITA SMITH,

  Defendant.
_____/

**AMENDED ORDER**
**DENYING PETITIONER'S MOTION TO VACATE OR SET ASIDE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255 BASED UPON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL RE FAILURE TO TIMELY COMMUNICATE TO DEFENDANT A MORE LENIENT SECOND PLEA OFFER[1]**

**BACKGROUND**

Defendant Wilneita Smith filed a motion pursuant to 28 U.S.C. §2255, to *inter alia*, set aside her conviction and sentence because of ineffective assistance of counsel by her retained attorney S. Allen Early, to wit, failure to communicate a second, more lenient, government Rule11 plea offer. The Court has appointed Criminal Justice Act panel attorney Michael Dezsi to represent Defendant on this

---

[1] The only change is the Transcript cite added on page 5.

1

issue.

On January 19, 2017, the Court held an evidentiary hearing that included testimony from Assistant United States Attorney Tare Wigod, Defendant's former attorney S. Allen Early, Angela Brown (Mr. Early's former paralegal) and Defendant Wilneita Smith.

The initial prosecution Rule 11 plea offer created a guideline sentencing range of 70-87 months. All parties agree that Defendant rejected this offer. The parties also agree that the Government had orally presented a second, more favorable plea offer a few days before the trial.

The critical issue before the Court is whether Attorney Early had informed Defendant Smith that second government Rule 11 plea offer. Defendant Smith asserts that had she known of the second Rule 11, she would have accepted it. Early claims that he informed her of that plea offer and she rejected it. Smith further alleges that Attorney Early had intentionally not informed her of that plea offer in order to receive a larger legal fee by proceeding to trial.

**PERTINENT TESTIMONY**

**1. Defendant Wilneita Smith**

Defendant Smith testified that it was only <u>after</u> trial that Mr. Early told her, that two days before trial, the Government had offered her a more lenient Rule 11

2

agreement containing a 33-41 month guideline sentencing range. Defendant further testified that when Early mentioned that 33-41 month plea offer, post-trial, she asked him why he hadn't informed her about it before trial, and Early responded that he thought he had.

Defendant Smith also testified that while incarcerated post-trial she asked her daughter to contact Angela Brown, who had been Mr. Early's legal assistant at the time of her trial, to seek information about that lower government plea offer. Defendant testified that her daughter met with Angela Brown and secured an affidavit stating that Mr. Early intentionally did not inform Defendant of that second plea offer because he wanted to receive a larger legal fee ($25,000) by taking her case to trial.

Defendant Smith testified that she was willing to plead to the four drug counts in the indictment, but not the conspiracy count, which had been added to the indictment on October 29, 2013.

Defendant Smith denied that she knowingly carried drugs from the house on Log Cabin Street to the SUV. She and co-defendant Andre Hurston had traveled to that house that contained the proceeds from an armed robbery of a pharmaceutical delivery truck. Defendant said that she didn't know what was in the bags she helped Mr. Hurston carry from the house to the SUV, or what Hurston would do

3

with the contents.

### 2.  Angela Brown

Angela Brown testified about her prior not-so-happy employment experience at Mr. Early's law office.  Her involvement with Defendant Smith, as Mr. Early's client, included:

1. Mailing Smith discovery materials.
2. Writing receipts when Smith made legal retainer payments.

Brown's testimony with regard to the plea offers was based solely on what Attorney Early told her; that the initial Rule 11 plea offer was for a guideline range with a 71 month bottom.  Brown further testified that she told Defendant Smith to take the plea offer; "don't let Early take you to trial;" that Early was not competent with computers.  Ms. Brown further testified that Mr. Early was angry with her for telling Defendant to take the plea deal, because he wanted to go to trial to receive more money.

On cross-examination, Brown testified that she did not tell Defendant why she should accept the plea, that she never told Smith to find another attorney, that Mr. Early fired her for doing other people's work, and that Mr. Early still owes her money.

### 3. S. Allen Early

Attorney S. Allen Early testified that he always communicates government plea offers to his clients because (1) it benefits his clients, (2) he charges a flat-fee retainer, and (3) if he fails to communicate a Rule 11 plea agreement to his client, it amounts to ineffective assistance of counsel.

Mr. Early testified that in this case he charged a flat fee, (plea or trial) retainer agreement of $15,000 if the case involved only drug charges, but $25,000 if an armed robbery charge was added to the indictment. He testified that the original government Rule 11 plea agreement guideline range was 70-87 months. Early testified that Defendant Smith rejected the second more lenient Rule 11 out of hand – "No Way" – because it involved prison time, that Smith wanted to fight the case, and wanted him to file pretrial motions, which he did.

Early testified that he continuously spoke with Assistant U.S. Attorney Tare Wigod on behalf of his client, seeking more lenient plea offers, as the emails in Exhibits 7 and 8 reveal. He testified that his client continued to be resistant to pleading, while changing her "story" about her involvement in the case.

Early testified that close to trial, while he was present in this federal courthouse on another case, he ran into AUSA Tare Wigod, who offered Defendant Smith a second more lenient Rule 11 that required pleas only to drug offenses, not

5

armed robbery, that carried sentencing guidelines in the 30-50 month range, required her to debrief to the agents, admit the robbery and testify against co-defendant Washington at his trial.

Early testified that he told Defendant Smith about the newest Rule 11 offer the next morning also going over additional mitigating factors: prison "good time," halfway house placement near the termination of her incarceration, no gun enhancement under the guidelines. Early testified that he informed Defendant that if she plead and received the mitigating possibilities, she would be incarcerated in prison for less than 18 months, and that it was best for her.

Significantly, Early testified that while he was explaining this scenario to Smith at his office, AUSA Wigod telephoned him to inquire whether Smith would accept the new plea offer; that Early again went over the plea offer again with Smith, while Wigod was holding on the live phone, and that Smith rejected the plea offer, (Wigod testified that while holding, he heard Early talking about the plea offer). Jan. 19, 2017, Evid. Hrg. Tr. pp. 99-100. After Smith's rejection, Wigod told Early that he would make a more lenient plea offer to co-defendant Washington, which he eventually did. Washington accepted the government's more lenient plea offer and subsequently testified against Smith at her trial.

Mr. Early testified that he had told Smith that Washington's testifying

against her would make it a worst-case scenario for her trial.

## **DISCUSSION**

In *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012), the Supreme Court held that "defense counsel has the duty to communicate formal plea offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."

In the instant case, the Court, based upon the credible testimony evidence produced at the hearing:

> 1. Finds credible AUSA Tare Wigod's testimony that he informed Defendant Wilneita Smith's attorney S. Allen Early prior to trial, of a second Rule 11 plea proposal more lenient, and that when he followed up by calling Mr. Early at this office to inquire if Defendant Smith accepted the offer he overheard Mr. Early discuss it with an individual, and then informed Wigod that the individual rejected the more lenient plea offer.
>
> 2. Finds credible the testimony of Defendant's attorney S. Allen early that (a) he communicated that second more lenient plea offer to Smith prior to trial, and (b) that Defendant Smith unambiguously rejected that offer.
>
> 3. The Court does not find credible the testimony of Defendant Wilneita Smith that attorney S. Allen Early did not advise her, prior to trial, of the second more lenient government plea offer. Nor does the Court find credible Defendant Smith's testimony that she would have pled guilty to a Rule 11 plea agreement that required time in jail.

Accordingly, the Court concludes that there was no misconduct by defense counsel S. Allen Early, Jr that violated Defendant Smith's Sixth Amendment Constitutional right to effective assistance of counsel.

The Court concludes that in the instant case, Defense Counsel S. Allen Early fulfilled his responsibilities in the plea bargain process to render effective assistance of counsel under the Sixth Amendment by communicating to Defendant Smith, prior to trial, the terms of the second more lenient Government Rule 11 plea offer, and that she rejected that more lenient Rule 11.

Early testified that he broke down the last plea offer's incarceration potential benefits for Smith; possible placement in the BOP's Residential Drug Abuse Program (RDAP), placement in a halfway house near the end of her period of incarceration, a 53 day "good time" reduction after a year in custody. Early testified that Defendant Smith's response was "I don't want to do 18 months." Hearing Tr. Jan. 19, 2017, Early, pp. 85-86, 94.

Assistant United States Attorney Tare Wigod testified about talking to Mr. Early in the courthouse about the new more lenient plea offer, that he subsequently called Mr. Early on the phone from his car to inquire whether Defendant Smith accepted it, that Early told him to hold on while he spoke to someone in his office, that he didn't know who else was at Mr. Early's office, but he did hear Mr. Early

talk to someone in his office about that plea offer. Mr. Early told him that the second plea offer was rejected. Hearing, Tr. Jan. 19, 2017, Wigod, pp. 100-103. Mr. Wigod conceded that he did not provide that latest plea offer in writing, nor did he place it on the record at the trial.

In rebuttal, defense counsel recalled Defendant Smith to the stand to reiterate her understanding of the retainer agreement with Mr. Early; $15,000 for the case without trial, $25,000 with trial, and that she hadn't paid all the $25,000, thereby creating a potential fee for additional money to Early if she went to trial. Smith further testified that Attorney Early never mentioned any government Rule 11 plea offer of less than 70-87 months.

## **CONCLUSION**

The Court finds that the credible evidence is clear that: time and again Mr. Early was working on behalf of Ms. Smith to secure a more lenient plea offer, and he succeeded, informed her about the second plea offer and she rejected it. The legal fee issue is a red herring that does not undercut the clear evidence that pretrial, Early communicated the second plea offer to Defendant and she rejected it.

Accordingly, the Court denies Defendant's Motion to Vacate or Set Aside Conviction and Sentence Pursuant to 28 U.S.C. §2255 Based Upon a Claim of

Ineffective Assistance of Counsel Re Failure to Timely Communicate to Defendant a More Lenient Government Second Plea Offer.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2017.

s/Deborah Tofil
Case Manager