UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                            Case No. 13-cr-20495

v.                                        PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

WILNEITA SMITH,

    Defendant.               /

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY**

On April 12, 2020 Defendant Wilneita Smith filed an Emergency Motion for Compassionate Release from Custody pursuant to 18 U.S.C. §3582(c)(1)(A) (ECF #388). On April 15, 2020 the government filed a Response in Opposition (ECF #390). Defendant did not file a reply. Defendant seeks an "Order reducing her term of imprisonment to time served and granting her release from custody and commencing her term of supervised release." (ECF #388, Page ID 3844).

Section 603(b) of the First Step Act of 2018 amended 18 U.S.C. §3582 to provide inmates the right to seek compassionate release on their own motion. Previously, only the BOP could file such a motion. However, the amendment requires that before a prisoner files such a motion she must have "fully exhausted all administrative rights to appeal failure of the BOP to bring a motion on the

1

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of defendant's facility…"  The BOP has not filed a motion with this Court for a reduction in her term of imprisonment.

Defendant will be released from Bureau of Prisons custody in 8 days, April 30, 2020, to begin a period of court supervised released.

Defendant recognizes that in the absence of such a BOP motion, §3582(c)(1)(A) requires the Defendant to first file a request for such relief with the warden/jailer of her place of incarceration, and then to exhaust her administrative rights of appeal within the BOP prior to filing a motion with the Court for release. Defendant acknowledges that she has not even begun to exhaust her administrative rights to appeal within the BOP, prior to filing this emergency motion.

The Court finds that there are no extraordinary or compelling reasons advanced to support this Motion, apart from the Defendant's generalized fear of contracting the COVID-19 virus.  The Court well recognizes that there is a COVID-19 pandemic in this State and that there is a greater risk of contracting COVID-19 in a detention facility.  But Defendant does not allege any COVID-19 positives at her detention facility, and Defendant's diabetic condition does not create an extraordinary and compelling reason to grant her Motion.

The Court notes that on November 22, 2019 the BOP transferred Defendant Smith to home confinement, but that was revoked by the BOP because she refused to

participate in the mandatory electronic monitoring (GPS tether) program, thus resulting in her reincarceration on March 11, 2020.

In conclusion, because Defendant Smith has not raised her request for compassionate release with the BOP, and does not set forth extraordinary and compelling circumstances, she has not satisfied the requirements of §3582(c)(1)(A) for compassionate release.  Defendant's generalized assertion that she could contract the COVID-19 coronavirus, which could seriously jeopardize her health, does not create an extraordinary or compelling circumstance for relief.

Defendant Smith will be released from BOP custody in a week.

This Motion is DENIED.

SO ORDERED.

DATED:   April 22, 2020                             s/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE